# ELLEN O'CONNELL

LAW OFFICE OF ELLEN O'CONNELL, LLC
LABOR AND EMPLOYMENT LAW
P.O. BOX 132
30 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932-0132

TEL (973) 295-6800
eoc@ellenoconnellesq.com

FAX (973) 295-6799
oconnell-lawyer.com

February 23, 2011

Hon. Stanley R. Chesler
United States District Court
Martin Luther King, Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut St.
Newark, NJ 07101

    Re: White v. Smiths Group, plc, et al.
        Docket No. 2:10-cv-04078-SRC-MAS

Dear Judge Chesler:

    This firm represents the Plaintiff in the above-captioned matter. This is the Plaintiff's supplemental brief opposing the Defendants' Motions to Dismiss returnable March 14, 2011.

    I.    CONSTRUCTIVELY DISCHARGED EMPLOYEES RETAIN THEIR CAUSE OF ACTION FOR BREACH OF CONTRACT.

    Under New Jersey law, employees with employment contracts who suffer intolerable working conditions may resign and claim constructive discharge. New Jersey courts permit constructive discharge in cases involving express, employment contracts, Kass v. Brown Boveri Corp., 199 N.J.Super. 42, 46-50, 488 A.2d 242 (App.Div.1985). See also, Spence-Parker v. Delaware River and Bay Auth., 616 F. Supp. 2d 509, fn. 16 (D.C.N.J. 2009), and in cases of where the employee alleges a breach of an implied agreement, Grigoletti v. Ortho Pharmaceutical Corp., 226 N.J. Super. 518, 526-527 (App. Div. 1988), *rev'd on other grounds*, 118 N.J. 89 (1990) (constructive discharge based on implied contract in employee manual); Cook v. Applied Data Research, Inc., 1989 U.S. Dist. LEXIS 8744 (U.S.D.C. 1989) (constructive discharge in employee manual). There is no question that constructive discharge principles apply to employees with employment agreements who seek to escape intolerable working conditions while still wanting to get the benefit of their bargain. Accord, Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 876 P. 2d 1022 (Sup. Ct. 1994).

    The Appellate Division's opinion in Kass v. Brown Boveri Corp., 199 N.J.Super. 42, 46-50, 488 A.2d 242 (1985) (Shebell, J.S.C.) is squarely on point. The court held that where there is

Hon. Stanley R. Chesler
February 23, 2011
Page 2

"a position-specific employment contract" and the employee resigns after the employer without justification forces the employee to choose among demotion, termination or resignation, the employer remains subject to liability unless the facts clearly demonstrate a fairly bargained release of the employer."

> II.  THE PRINCIPLE OF CONSTRUCTIVE DISCHARGE HAS A SIGNIFICANT IMPACT ON THE EMPLOYER'S DEFENSE OF THE CLAIM AND THE CALCULATION OF DAMAGES.

Classifying a termination as a constructive discharge rather than a voluntary quit has significant ramifications with damages. Goss v. Exxon Office Sys. Co., 747 F.2d 885, 887 (3d Cir. 1984).

First, a letter of resignation is not a bar to the cause of action for breach of express or implied contract under the theory of novation. The Kass court rejected the employer's defense when it argued that the resignation letter replaced or changed the employment agreement. Kass, supra at 47. Muench v. Township of Haddon, 255 N.J. Super. 288, 302 (App.Div. 1992). "Kass was unjustifiably placed in the position of submitting to his discharge, accepting a demotion or resorting to a resignation so that he might obtain employment in the future without the stigma of discharge." Id. at 51. The court held, "In these circumstancse, we find that it would be inequitable to permit [the employer] to set up the resignation as a bar to [the employee's] action for damages flowing from their breach of the employment contract." When an employee resigns, the employer remains subject to liability.

Second, constructive discharge affects the duty to mitigate. Employers argue that an employee who has resigned has to satisfy the duty to mitigate damages. They argue that the employee "has an obligation to do what is reasonable and necessary to remain employed rather than simply quit." Woods-Pirozzi v. Nabisco Foods, 290 N.J. Super. 252, (App. Div. 1996). However, in cases of constructive discharge, resignation is not evidence of failure mitigate damages and damages do not end as of the date of the employee's resignation. The employer is "still subject to liabilty for the breach." Kass at 55.

Respectfully submitted,
LAW OFFICE OF ELLEN O'CONNELL, L.L.C.

By: _____
Ellen O'Connell (EO0456)

cc:   Sarah Bouchard, Esq.
      Jyotin Hamid, Esq.