**DEBEVOISE & PLIMPTON LLP**
Jyotin Hamid (JH4651)
Michael Potenza (MP2969)
Emily J. Mathieu (EM1844)
919 Third Avenue
New York, NY 10022
(212) 909-6743
*Attorneys for Defendants Smiths Group plc*

**MORGAN, LEWIS & BOCKIUS LLP**
Sarah E. Bouchard (NJ ID # 02807-1995)
John Lee (NJ ID # 18502007)
1701 Market Street
Philadelphia, PA  19103-2921
 (215) 963-5077/5210
*Attorneys for Defendants Smiths Detection, Inc., Stephen Phipson, Christopher Gane, Brian Bark and Pennie Boyko*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
| | |
|---|---|
| SALLY WHITE, | : |
| | : |
| Plaintiff, | : No. 2:10-cv-04078-SRC-MAS |
| | : |
| | : ECF Case |
| v. | : |
| | : **DEFENDANTS' ANSWER TO** |
| SMITHS DETECTION, INC., | : **THE FIRST AMENDED** |
| SMITHS GROUP, PLC, STEPHEN PHIPSON, | : **COMPLAINT** |
| PHILIP BOWMAN, CHRISTOPHER GANE, | : |
| BRIAN BARK and PENNY BOYKO, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

---------------------------------------------------------------x

1

23411668v3

Defendants Smiths Group plc ("Smiths Group"), Smiths Detection, Inc. ("Smiths Detection"), Stephen Phipson, Christopher Gane, Brian Bark[1] and Pennie Boyko[2] ("Defendants") respond as follows to the First Amended Complaint ("FAC") of Plaintiff Sally White ("Plaintiff"):

1. Defendants admit that this is a civil action against Smiths Group, Smiths Detection and certain of their officers and directors. Defendants otherwise deny the allegations in Paragraph 1.

2. Defendants admit that Smiths Group, of London, England, is a British public limited company with about 23,000 employees, roughly 9,000 of which are in the United States. Defendants otherwise deny the allegations in Paragraph 2.

3. Defendants admit that there are several documents attached to the FAC as Exhibit A and refer to such documents for the contents thereof. Otherwise, the allegations in Paragraph 3 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 4.

---

[1] Mr. Bark is not a proper defendant to this action. The only claim asserted in the FAC against Mr. Bark in his individual capacity was Count XIV, which has been dismissed.

[2] Ms. Boyko's first name is incorrectly spelled "Penny" in the caption and elsewhere in the FAC.

23411668v3

5. Defendants admit that Philip Bowman is a resident of London, England and became Chief Executive Officer of Smiths Group in December 2007. Defendants deny that he is a proper defendant in this action.

6. The allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 6.

6A. Denied.

6B. Denied.

6C. Denied.

6D. Denied.

6E. Denied.

6F. Defendants admit that Smiths Group publishes an Annual Report and refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 6F.

7. Defendants admit that Smiths Group has five business divisions, one of which is the Smiths Detection division, which includes the legal entity that is Defendant Smiths Detection, Inc.

8. Defendants admit that Smiths Detection, Inc. is a Nevada corporation and a subsidiary of Smiths Detection Group Limited of Watford, Hertfordshire, United Kingdom, which is a subsidiary of Smiths Group, PLC of London, England, United Kingdom.

9. Admitted.

10. The allegations in Paragraph 10 constitute conclusions of law to which no responsive pleading is required.

11. Defendants admit that Mr. Phipson is a resident of London, England. Defendants deny that he is a proper defendant in this action.

12. The allegations in Paragraph 12 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 12.

12A. Defendants admit that Mr. Phipson has been employed as President of Smiths Detection since August 2004.

12B. Denied.

12C. Denied.

12D. To the extent that the allegations in Paragraph 12D purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 12D.

13. Defendants admit that Mr. Gane is a resident of Scotland, that he was employed as the Chief Operating Officer of Smiths Detection from approximately November 2008 until July 2010, and that Mr. Gane was Plaintiff's supervisor. Defendants deny that Mr. Gane is a proper defendant in this action.

14. The allegations in Paragraph 14 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 14.

23411668v3

14A.  Defendants admit that Mr. Gane is the former Chief Operating Officer of Smiths Detection.  Defendants otherwise deny the allegations in Paragraph 14A.

14B.  Denied.

14C.  Denied.

14D.  Denied.

14E.  Denied.

15.  Defendants admit that Mr. Bark is a resident of Jupiter, Florida and is employed as Chief Information Officer of Smiths Detection, with an office located in Edgewood, Maryland.  Defendants deny that Mr. Bark is a proper defendant in this action.

16.  The allegations in Paragraph 16 state legal conclusions, to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations.

16A.  Defendants admit that Mr. Bark was assigned the task of overseeing the implementation of a SAP computer program.  Defendants otherwise deny the allegations in Paragraph 16A.

16B.  Denied.

16C.  Denied.

16D.  Denied.

17.  Admitted.

5

18. The allegations in Paragraph 18 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 18.

18A. Defendants admit that Pennie Boyko has been employed as Vice President of Human Resources of Smiths Detection since January 2009. Defendants deny that Ms. Boyko is a proper defendant in this action.

18B. Denied.

18C. Defendants admit that Ms. Boyko met with Plaintiff in or about September 2009 to discuss Plaintiff's compensation. To the extent that the allegations in Paragraph 18C purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 18C.

18D. Denied.

18E. To the extent that the allegations in Paragraph 18E purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 18E.

19. The allegations in Paragraph 19 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 21.

23411668v3

22. To the extent that the allegations in Paragraph 22 refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 22.

23. Denied.

24. Admitted.

25. To the extent that the allegations in Paragraph 25 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 25.

26. To the extent that the allegations in Paragraph 26 purport to refer to a written document, Defendants refer to such document for the contents thereof.

27. To the extent that the allegations in Paragraph 27 purport to refer to a written document, Defendants refer to such document for the contents thereof.

28. To the extent that the allegations in Paragraph 28 purport to refer to a written document, Defendants refer to such document for the contents thereof.

29. Admitted.

30. Admitted.

31. Defendants admit that Ms. White is the Plaintiff in this action, that she worked as Vice President of Services Operations Americas for Smiths Detection and as Vice President of Global Services Operations for Smiths Detection during the relevant time period, and that her employment records reflect her age, years of service, and education as alleged in Paragraph 31. Defendants otherwise deny the allegations in Paragraph 31.

32. Denied.

33. Defendants admit that John Shepherd was Managing Director of Smiths Detection for a portion of 2003. Defendants further admit that Smiths Detection has global recognition and presence. Defendants otherwise deny the allegations in Paragraph 33.

34. Denied.

35. Denied.

36. Defendants admit that Plaintiff worked as Vice President of Services Operations Americas for Smiths Detection. Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants admit that Plaintiff worked as Vice President of Global Services Operations for Smiths Detection. Defendants otherwise deny the allegations in Paragraph 37.

38. Denied as stated. As stated on its website, Smiths Detection's Services Operations business "provides world-class customer support for the complete line of Smiths Detection products."

39. To the extent that the allegations in Paragraph 39 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 39.

40. Denied.

41. To the extent that the allegations in Paragraph 41 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 41.

42. Denied.

23411668v3

43. To the extent that the allegations in Paragraph 43 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 43.

44. To the extent that the allegations in Paragraph 44 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 44.

45. Denied.

### First, Second and Third Counts

46-93. Paragraphs 46 through 93 allege causes of action that have been dismissed pursuant to the Court's Order of April 18, 2011 (Dkt. No. 65). As such, no responsive pleading is required. Moreover, to the extent that Paragraphs 46 through 93 state legal conclusions, no responsive pleading is required.

### Fourth Count
### Disparate Treatment on the Basis of Sex in Violation of the NJLAD – Unequal Compensation

94. Defendants incorporate by reference their responses to Paragraphs 1 through 93 as though set forth in full herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. To the extent that the allegations in Paragraph 99 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 99.

100. To the extent that the allegations in Paragraph 100 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 100.

101. Denied.

102. To the extent that the allegations in Paragraph 102 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 102.

103. Defendants admit that Plaintiff's title at the time of her resignation was Vice President. Defendants otherwise deny the allegations of Paragraph 103.

104. Denied.

105. Defendants admit that in or about August 2009, Plaintiff discussed her compensation with Mr. Gane. To the extent that the allegations in Paragraph 105 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 105.

106. To the extent that the allegations in Paragraph 106 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 106.

107. To the extent that the allegations in Paragraph 107 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 107.

23411668v3

108. To the extent that the allegations in Paragraph 108 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 108.

109. Denied.

110. To the extent that the allegations in Paragraph 110 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 110.

111. Defendants admit that Plaintiff received stock options from 1999 to 2007. Defendants otherwise deny the allegations in Paragraph 111.

112. Defendants admit that Mr. Bowman became Chief Executive Officer of Smiths Group in December 2007. Defendants otherwise deny the allegations in Paragraph 112.

113. Admitted.

114. To the extent that the allegations in Paragraph 114 purport to refer to a written document, Defendants refer to such document for the contents thereof.

115. To the extent that the allegations in Paragraph 115 purport to refer to a written document, Defendants refer to such document for the contents thereof.

116. Denied.

117. Denied.

118. Defendants admit that Cherif Rizkalla and Mal Maginnis manage global businesses and have the title of President.  Defendants otherwise deny the allegations in Paragraph 118.

119. Defendants admit that Tony McEnroe led the Asia Pacific region and had the title of President.  Defendants otherwise deny the allegations in Paragraph 119.

120. Defendants admit that Roland Muesse had the title of President and led Smiths Detection's Russian business in 2009-2010.  Defendants otherwise deny the allegations in Paragraph 120.

121. Defendants admit that Tess Fagnant is female.  Defendants otherwise deny the allegations in Paragraph 121.

122. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore deny the same.

### Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Counts

123-190. Paragraphs 123 through 190 allege causes of action that have been dismissed pursuant to the Court's Order of April 18, 2011 (Dkt. No. 65).  As such, no response is required.  Moreover, to the extent that Paragraphs 123 through 190 state legal conclusions, no response is required.

### Eleventh Count
### Individual Liability under the NJLAD – Christopher Gane

191. Defendants incorporate by reference their responses to Paragraphs 1 through 190 as though set forth in full herein.

192. Defendants admit that Mr. Gane was employed as the Chief Operating Officer of Smiths Detection from approximately November 2008 until July 2010, and that he was Plaintiff's supervisor.

193. Denied.

194. Denied.

194A. Denied.

194B. Denied.

194C. To the extent that the allegations in Paragraph 194C purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 194C.

194D. Denied.

194E. Denied.

194F. Denied.

194G. Denied.

194H. Denied.

## Twelfth Count
### Individual Liability under the NJLAD – Stephen Phipson

195. Defendants incorporate by reference their responses to Paragraphs 1 through 194 as though set forth in full herein.

196. Denied.

197. Denied.

23411668v3

197A. Denied.

197B. Denied.

197C. Denied.

## Thirteenth Count
### Individual Liability under the NJLAD – Penny Boyko

198. Defendants incorporate by reference their responses to Paragraphs 1 through 197 as though set forth in full herein.

199. Defendants admit that Ms. Boyko was employed as the Vice President of Human Resources of Smiths Detection from January 2009 until present. Defendants otherwise deny the allegations in Paragraph 199.

200. Denied.

201. Denied.

201A. To the extent that the allegations in Paragraph 201A purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 201A.

201B. To the extent that the allegations in Paragraph 201B purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 201B.

201C. Denied.

201D. Denied.

23411668v3

201E. Denied.

## Fourteenth Count
## Tortious Interference with Contract

202-222. Paragraphs 202 through 222 allege causes of action that have been dismissed pursuant to the Court's Order of April 18, 2011 (Dkt. No. 65). As such, no response is required. Moreover, to the extent that Paragraphs 202 through 222 state legal conclusions, no response is required.

## Fifteenth Count
## Punitive Damages

223. Defendants incorporate by reference their responses to Paragraphs 1 through 222 as though set forth in full herein.

224. Denied.

225. Denied.

226. Denied.

227. Defendants admit that Brad Mueller's employment with Smiths Detection terminated on April 2, 2010. Defendants otherwise deny the allegations in Paragraph 227.

228. Defendants admit that Pascal Deneuve was the Directeur General Délégué of Smiths Detection from June 17, 2005 to February 28, 2007, and that he received a severance payment after his employment with Smiths Detection terminated. Defendants otherwise deny the allegations contained in Paragraph 228.

229. Defendants admit that Smiths Detection terminated two employees in 2005 for violating company policies. Defendants further admit that they were

15

unaware of the misconduct committed by these two employees until it was brought to Smiths Detection's attention by one of its suppliers, and that Smiths Detection terminated these employees as soon as it learned of the misconduct. Defendants otherwise deny the remaining allegations contained in paragraph 229.

230. Denied.

231. Denied.

## Answer To Prayers For Relief

Defendants specifically deny that Plaintiff is entitled to the relief requested or to any relief as to any of the claims set forth in the FAC.

## General Defenses

Unless otherwise specifically admitted herein, each and every allegation contained in the FAC is hereby denied.

## Affirmative Defenses

1. Plaintiff's claims are barred to the extent she has failed to satisfy the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes cited in the FAC.

2. Plaintiff's claims are barred in whole or in part to the extent she failed to satisfy the applicable statutes of limitations and/or filing periods.

3. To the extent that Plaintiff has failed to mitigate her alleged damages, her claims and remedies are diminished or barred.

23411668v3

4. Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive or penalty damages.

5. All actions taken with respect to Plaintiff were taken in good faith and for legitimate, nondiscriminatory, and non-retaliatory reasons.

6. Defendants reserve the right to raise additional defenses as may be discovered during the course of this litigation.

Dated April 29, 2011

        Respectfully submitted,

        DEBEVOISE & PLIMPTON LLP

        By:  /s/ Michael Potenza
            Jyotin Hamid
            Michael Potenza
            Emily J. Mathieu
        919 Third Avenue
        New York, NY  10022
        (212) 909-6000
        *Attorneys for Defendant Smiths Group plc*

        MORGAN, LEWIS & BOCKIUS LLP

        By:  /s/ Sarah E. Bouchard
            Sarah E. Bouchard
            John Lee
        1701 Market Street
        Philadelphia, PA  19103-2921
        (215) 963-5077/5210
        *Attorneys for Defendants Smiths Detection, Inc., Stephen Phipson, Christopher Gane, Brian Bark and Pennie Boyko*

23411668v3