# ELLEN O'CONNELL
### ATTORNEY AT LAW

Law office of Ellen O'Connell, LLC
P.O. Box 132
30 Columbia Turnpike
Florham Park, NJ 07932-0132
Phone (973) 295-6800
FAX (973) 295-6799
____
eoc@EllenOConnellEsq.com

May 12, 2011

Hon. Stanley R. Chesler
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

     Re: White v. Smiths Group, plc, et al.
       Docket No. 2:10-cv-04078-SRC-MAS
       Motion for Reconsideration, returnable June 6, 2011

Dear Judge Chesler:

This firm represents the Plaintiff. I respond to Mr. Hamid's letter of May 11, 2011 objecting to the Plaintiff's motion for reconsideration and leave to amend allegations in her pleading.

Counsel erroneously states that the Plaintiff now seeks reconsideration of the court's dismissal of Philip Bowman on jurisdictional grounds. This is not true. The undersigned's letter (Docket Entry # 71) has no such request. Counsel is mistaken.

Defendants also urge the court to deny the Plaintiff's motion without their having to file an opposing brief. But then they argue the merits of their opposition as if it were an opposing brief. Insofar as the Defendants argue that the motion is frivolous because it does not raise the facts or law that the court overlooked, the Defendants are mistaken again and the Plaintiff must respond

Plaintiff raises important grounds for reconsideration. First, she urges the court to reconsider dismissal of the disparate treatment sex discrimination count. Earlier, the court found that the Plaintiff's demotion was not a constructive discharge. However, the involuntary transfer from Senior Vice President to Director is a plausible claim of disparate treatment on the basis of demotion, whether or not it is also a constructive discharge. The court did not consider this reasoning.

Hon. Stanley R. Chesler
May 12 2011
Page 2

Second, the court held that Plaintiff had not alleged that she had been replaced by a man and, therefore, there was no allegation to support the fourth prong of the *McDonnell-Douglas* analysis.  However, Plaintiff was replaced by a man the month when her employment ended.  She seeks leave to amend to assert those facts now.  It is of great consequence for the court to note that this point was not raised by the Defendants in their motions.  The first notice Plaintiff had of the contention was reading the court's opinion.

This motion for reconsideration is the only possibility for the Plaintiff to be heard on the argument attacking her *prima facie* case.  The court dismissed substantive counts but did not give the Plaintiff notice or opportunity to be heard that, in fact, a man was hired to do the Plaintiff's former job.  Her NJLAD claims are well-within the limitations period.  Given this, how can the Defendants justly contend that a request for reconsideration grounded on fundamental fairness is frivolous?

Fourth, the court is urged to reconsider the sexual harassment count.  The court only considered four incidents of sexual harassment and did not considered controlling New Jersey authority on the issue.  Under controlling authority, the court should have considered many other incidents outlined in the Plaintiff's Brief, and allowed certain issues to be decided by a jury.

Fifth, the court held that if there was no constructive discharge, then there was no retaliation.  However, the controlling authority shows that demotion is retaliation.  The pleading also alleges the smoking gun comment of the Chief Operating Officer of the company who told the Plaintiff that "she had set her career back 15 years" before masterminding her demotion her from Senior Vice President to Director.  The humiliating demotion supports a plausible claim for retaliation.

In sum, Defendants' counsel misrepresents Plaintiff's position.  She does not seek reconsideration as to Mr. Bowman.  As for the reconsideration motion, she urges the court to evaluate the Plaintiff's request for reconsideration based on what she has written in her Brief in Support of the Motion.

Respectfully submitted,
LAW OFFICE OF ELLEN O'CONNELL, L.L.C.


By: _____s/Ellen O'Connell_____
               Ellen O'Connell

cc:  Sarah Bouchard, Esq.
     Jyotin Hamid, Esq.