<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALLY WHITE,                                    : | |
|                                         : | Civil Action No. 10-4078 (SRC) |
|                            Plaintiff,   : | |
|                                  : | **OPINION** |
|             v.                  : | |
|                                  : | |
| SMITHS DETECTION, INC., et al,          : | |
|                                  : | |
|                      Defendants.   : | |
|                                  : | |
|                                  : | |

<u>CHESLER</u>, District Judge

      This matter comes before the Court upon Plaintiff's motion for reconsideration [docket entry no. 69] of the Court's order dated April 18, 2011[docket entry no. 65]. Plaintiff also informally seeks leave to amend her complaint [docket entry no. 71].[1] Defendants Smiths Group plc, Smiths Detection, Inc., Brian Bark, Penny Boyko, Christopher Gane, and Stephen Phipson have opposed the motion [docket item no. 75]. The Court has considered the papers filed by the parties and chooses to rule on the motion based on the written submissions, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court denies Plaintiff's motion.

---

      [1]Plaintiff's request to amend her complaint is denied. The duties assumed by Philip Bowman as of May 3, 2011 have no bearing on the Plaintiff's Complaint which is based on activity leading up to and including her resignation in June of 2010.

## I.   BACKGROUND

Plaintiff filed this workplace retaliation and gender discrimination action in this Court on
August 9, 2010.  Defendants moved to dismiss Plaintiff's Complaint.  That motion was granted
in part and denied in part.  Plaintiff filed a First Amended Complaint; Defendants again moved to
dismiss the Amended Complaint.  Two of the three motions to dismiss were granted in their
entirety, while one was granted in part and denied in part.  Plaintiff filed the instant motion for
reconsideration within the time provided by Local Civil Rule 7.1(i).

## II.   DISCUSSION

### A.   Standard of Review

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision
upon a showing that dispositive factual matters or controlling decisions of law were overlooked
by the court in reaching its prior decision.  *See Bryan v. Shah*, 351 F.Supp.2d 295, 297 (D.N.J.
2005); *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule
7.1(i) does not contemplate a recapitulation of arguments considered by the court before
rendering its decision.  *See Bermingham v. Sony Corp. of Am., Inc.*, 820 F.Supp. 834, 856 (D.N.J.
1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994); *Carteret Sav. Bank, F.A. v. Shushan*, 721 F.Supp. 705,
709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(i) may be granted
only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not
previously available has become available; or (3) it is necessary to correct a clear error of law or
prevent manifest injustice."  *Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825
F.Supp. 1216, 1220 (D.N.J. 1993); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d
1194, 1218 (3d Cir 1995).  Plaintiff has failed to satisfy any of the three grounds upon which a

2

motion for reconsideration may be granted.

### B.    Breach of Contract

On her motion Plaintiff places much emphasis on a New Jersey appellate court decision already cited in her original papers. *Kass v. Brown Boveri Corp.*, 199 N.J. Super. 42 (App. Div. 1985). With regard to issues of state law, such as breach of contract, where there is no clear precedent, this Court is required to predict what the state's highest court would hold. *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004). An examination of *Kass* shows that the New Jersey Supreme Court *did* in fact decide the issue of what effect a resignation had on an employment contract, albeit in 1891. *Kass*, 199 N.J. Super. at 247 (citing *Wharton v. Christie*, 53 N.J.L. 607 (E. & A. 1891)). The case Ms. White relies on demonstrates that the *Wharton* case has never been overruled. While a state intermediate appellate court has concluded that *Wharton* is no longer valid law, that does not mean that a federal court sitting in diversity can make that leap, particularly because it is not bound by the intermediate court. *See, e.g., City of Philadelphia v. Lead Indus. Ass'n Inc.*, 994 F.2d 112, 123 (3d Cir. 1993) (decisions of state intermediate appellate courts are not dispositive for federal courts sitting in diversity).

Nonetheless, even assuming Ms. White did establish a constructive discharge[2] she has still utterly failed to establish that she has any damages. Under New Jersey law a breach of contract claim requires proof of three elements: "a valid contract, defective performance by the defendant, and resulting damages." *Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div.

---

[2]The Court notes that it fully considered the issue of constructive discharge in its April 15, 2011 Opinion. (Op. at 4-5).

3

1985).  As this Court stated in no uncertain terms in its April 15, 2011 Opinion: "[e]ven assuming *arguendo* that the new position constituted a constructive discharge, Ms. White did not experience any damages.  Not only did she receive compensation and benefits for six months, she also received an offer to return to her old position, which she refused."  (Op. at 6).

As to Plaintiff's arguments concerning breach of implied contract, the Court is satisfied that the language in the Code cannot trump the explicit terms of her individual employment contract.  *See, e.g. Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 419 (1997) (implied term "cannot override an express termination clause").  Ms. Whites's contract states "[e]ither the Company or you may terminate your appointment by giving the other six months' prior written notice." [docket entry no. 34-1, p. 5].  Accordingly, consistent with its earlier Opinion, this Court finds that there is no cause of action for breach of contract, express or implied.

### C.      New Jersey Law Against Discrimination

#### 1.      Disparate Treatment

As a preliminary matter, the Court notes that the Plaintiff's motion for reconsideration seeks reinstatement of Count Four of the Amended Complaint.  Plaintiff is directed to this Court's Order dated April 18, 2011 in which Count Four was *not* dismissed.  As to Counts Five and Six, discriminatory demotion and constructive discharge, respectively, Plaintiff now seeks to plead that she was in fact replaced by a man.  The alleged demotion took place in June 2010, at which point Plaintiff resigned.  Six weeks later, Defendants offered to reinstate her to her previous position.  Plaintiff declined.  Plaintiff now alleges that she was replaced by a man in December 2010.  (Br. at 8).  Plaintiff can hardly make a claim for discriminatory demotion when the position at issue was only available come December 2010 because Ms. White, a female, had

4

previously refused to accept the job.  The remainder of Plaintiff's argument is a mere rehashing

of her argument concerning constructive discharge.  The Court already considered the factors

listed by Plaintiff on page eleven of her brief, and found that "[t]he facts presented simply do not

state a claim for constructive discharge."  (Op. at 5).

       Plaintiff has improperly submitted a reply brief, L.Civ.R. 7.1(d)(3), but the Court will

nonetheless briefly address her argument in an attempt to dispose of these claims on substantive

grounds.  Plaintiff cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) for the proposition

that she need not establish a *prima facie* case under the framework established by *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792 (1973).  While Plaintiff is correct that *Swierkiewicz* does

not require Plaintiff to establish a *prima facie* case under *McDonnell Douglas*, she ignores that

the Supreme Court has required that Plaintiff plead *facts* to support her claim.  *Bell Atlantic*

*Corp. v. Twombly*, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

Accordingly, on the motion to dismiss this Court properly determined whether or not Plaintiff's

claims had facial plausibility.  *Twombly*, 127 S.Ct. at 1965.  Then as now, the Court finds that

Plaintiff has failed to meet this standard and accordingly denies the motion for reconsideration as

to Counts Five and Six.

       2.   <u>Retaliation</u>

       While Plaintiff does not revisit the retaliation issue in any great detail, the Court will

address it briefly.  Even if Plaintiff were to establish constructive discharge, she still would not

state a claim for retaliation.  Plaintiff alleges that she inquired and/or complained about pay

inequity in September 2008, August 2009 and September 2009.  (FAC at §§ 105-106, 116).

While she states that she complained about sexist remarks, she does not state when she did so.

(FAC at § 164).  The alleged demotion took place in June 2010, between nine and twenty-one months after the alleged protected activity.  While conduct which is closely related in time may, under some circumstances, support an inference of causality between the protected activity and the adverse action, *Abramson v. William Paterson Coll.*, 260 F.3d 265, 288 (3d Cir. 2001), in the instant case too much time elapsed before the alleged adverse action took place.  *See Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004); *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003).  Accordingly, the motion for reconsideration is denied as to Count Seven.

### 3.    Hostile Work Environment

Plaintiff argues that the Court relied exclusively on gender-based incidents but should have considered facially-neutral harassing conduct as well.  (Br. at 14).  Assuming, without deciding that Plaintiff has made a *prima facie* showing that the facially-neutral incidents occurred because of her sex, Plaintiff has still failed to demonstrate that the conduct was sufficiently severe or pervasive enough.  In determining whether a hostile work environment claim exists a court must look to "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"  *Shepherd v. Hunterdon Dev. Ctr.*, 147 N.J. 1, 19-20 (N.J. 2002) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)); *see also Feeny v. Jefferies & Co., Inc.*, No. CIV 09-2708 DRD, 2010 WL 2629065, at *5 (D.N.J. June 28, 2010) (dismissing hostile environment claim under both NJLAD and Title VII ).

Ultimately, Plaintiff must allege facts that make a plausible showing that the complained of conduct was "sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment." *Lehmann v. Toys 'R' Us*, 132 N.J. 587, 608 (1993).  While there is no bright line as to when such conduct becomes severe or pervasive, "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions' on employment." *Herman v. Coastal Corp.*, 348 N.J. Super. 1, 21 (App. Div. 2002) (quoting *Heitzman v. Monmouth Cty.*, 321 N.J. Super. 133, 147 (App. Div. 1999)).  The *Herman* court may just as well have been addressing the instant case when it held, "Plaintiff's attempt to lump random incidents and disagreements with co-workers during her tenure... are ineffective in meeting the standard of "an abusive working environment." *Id.* at 23.  Accordingly, this Court denies Plaintiff's motion for reconsideration as to Plaintiff's claim for a hostile work environment under the NJLAD, and therefore reconsideration as to the Ninth Count of the Complaint for negligent failure to prevent such harassment, is also denied.

## III.   CONCLUSION

For the foregoing reasons, this Court will deny the motion for reconsideration.  An appropriate form of order will be filed together with this Opinion.

　s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: June 6, 2011

7