UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALLY WHITE,<br><br>          Plaintiff,<br><br>v.<br><br>SMITHS DETECTION, INC.,<br>SMITHS GROUP, PLC, STEPHEN PHIPSON,<br>CHRISTOPHER GANE, and PENNY BOYKO,<br><br>          Defendants.[1] | No. 2:10-cv-04078-SRC-MAS<br><br>ECF Case |

## STIPULATION AND ORDER OF CONFIDENTIALITY

1.    This Stipulation and Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above-captioned action.

2.    "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

3.    "Confidential Information" shall mean any proprietary business information or non-public commercial information, including operations and similar manuals, compensation plans or policies, non-public documents revealing the job duties of Defendants' employees (excluding job postings), training materials, non-public promotional and marketing materials, pricing information,

---

[1]    Philip Bowman and Brian Bark were named as Defendants, but have been dismissed from this action.

documents concerning internal investigations, sensitive personal information regarding individuals including social security numbers, contact information, medical information, complaints and allegations of discrimination or improper pay, performance evaluations, and individual pay and benefits information, including but not limited to information concerning Plaintiff's employment and compensation with Brooks Automation, Inc., and any other confidential information entitled to similar protection under any other law or rule that hereafter becomes applicable to this action.

      4.      "Confidential Discovery Material" shall mean any Discovery Material that contains Confidential Information.

      5.      "EU Protected Information" shall mean any document: (i) that has been processed and transferred to the United States for the purpose of responding to discovery requests in this litigation and that contains: (a) Personal Data, as defined in EU Data Directive 95/46, which includes any information relating to an identified or identifiable natural person who can be identified, directly or indirectly; and/or (b) Sensitive Personal Data, as defined in EU Data Directive 95/46, which is personally identifiable information regarding a person's health, finances, personal background, family and the like, but excluding any information that originated in or is kept in the U.S.A.

      6.      "EU Protected Material" shall mean any Discovery Material that contains EU Protected Information.

      7.      Any party or non-party may designate any Discovery Material as EU Protected Material or Confidential Discovery Material in the following manner:

      (a)      Any Discovery Material may be designated as EU Protected Material or Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the term "EU Protected" or "Confidential" on each page of the document that contains EU Protected Material or Confidential Discovery Material, or (ii) if a document produced is not

marked "EU Protected" or "Confidential," but later determined to be EU Protected Material or Confidential Discovery Material, notifying the other party in writing, either before or after the document is produced, of the "Bates" number (if such numbers have been placed on that document, and if not, otherwise identifying the document for the other party) of each page of the document that contains EU Protected Material or Confidential Discovery Material.

(b) Depositions or other pre-trial testimony also may be designated either by a statement on the record by counsel at the time of disclosure or by notifying counsel for all other parties in writing within thirty (30) days after receipt by counsel of the transcript of such depositions or other pre-trial testimony.  Counsel for the deponent or witness may instruct the deponent or witness to provide the testimony containing EU Protected Information or Confidential Information only if persons who are not authorized per paragraph 9 of this Order to receive such information are not present in the room when the witness or deponent provides such testimony.  In addition, counsel for the party-deponent shall affix the legend "EU Protected" or "Confidential" to the first page and all subsequent pages of the original transcript that contains designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript.  Only those portions of each transcript designated as "EU Protected" or "Confidential" in this action shall be deemed EU Protected Material or Confidential Discovery Materials.  All transcripts of depositions or other pre-trial testimony shall automatically be deemed to be EU Protected Material or Confidential Discovery Material until the end of the thirtieth (30th) day after their receipt by counsel for the deponent or witness.

(c) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computer, disc, network or tape) is produced in such form, the producing party or any other party may designate such material as EU Protected Material or

Confidential Discovery Material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

   (d) Any Discovery Material already produced may be designated as EU Protected Material or Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation and Order.

   (e) If a party disagrees with any designation of Discovery Materials as EU Protected Material or Confidential Discovery Material, that disagreement shall be conveyed to the opposing party within thirty (30) days of the disputed designation. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution in accordance with the procedures set forth in Paragraph 15 of this Stipulation and Order.

  8. EU Protected Material, Confidential Discovery Material, and all copies thereof shall be used solely for the purpose of this litigation (including mediation, trial and all appeals) and not for any business or other purpose. EU Protected Material or Confidential Discovery Materials shall be treated as confidential by each party and any individual to whom such information is disclosed in accordance with the certificate executed pursuant to this Order.

  9. Confidential Discovery Material:

   (a) shall be disclosed only to:

    (i) the Court and court personnel employed in connection with this action;

    (ii) outside and inside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Stipulation and Order;

    (iii) outside independent consultants, mediators or experts assisting counsel for the parties in this action (including potential experts);

4

     (iv)  authors and recipients of such materials;

     (v)  actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action, provided that the receiving party shall maintain a written record of each person to whom Confidential Discovery Material was disclosed pursuant to this provision, and evidence that the person agreed in writing, in the format attached hereto as Exhibit A, to be bound by this Stipulation and Order in connection with those materials, and that the producing party shall be entitled to review that record of Confidential Discovery Material disclosures if directed by the court upon (i) a showing of a substantial need for such information, or (ii) where the producing party has good cause to believe that information has been disclosed in violation of this Stipulation and Order; and

     (vi)  Plaintiff Sally White; and

  (b)  shall be copied only by attorneys of record, clerical personnel employed by such attorneys, or independent copying services engaged by such attorneys, provided that the attorneys engaging a copying service have no reason to believe that that service or any of its employees is likely to disclose or use any EU Protected Material or Confidential Discovery Material in a way that would violate this Stipulation and Order if the service and its employees were bound by the Stipulation and Order.

  10.  Each person to whom EU Protected Material or Confidential Discovery Material, or data and information obtained, derived or generated from EU Protected Material and/or Confidential Discovery Material, is disclosed or made available, including Plaintiff, or experts or consultants retained by Plaintiff, shall first be advised of the existence and the contents of this Stipulation and Order, and shall execute an Acknowledgment in the form, attached as Exhibit "A"

to this Stipulation and Order.  No such person shall divulge any EU Protected Material or Confidential Discovery Material, or any data and information obtained, derived, or generated from EU Protected Material or Confidential Discovery Material, to any other person, except as provided herein.

11. All provisions of this Stipulation and Order applicable to Confidential Discovery Material shall apply to EU Protected Material , except that EU Protected Material shall not be disclosed to any persons other than those described in Paragraphs 9(a)(i), (ii), (iii), (iv), and (vi) of this Stipulation and Order and, in the course of a deposition or trial a party may show EU Protected Material to a deponent or trial witness when that person has access to that material in the normal course of his or her employment.  In addition, at the request of the receiving party, the producing party shall redact EU Protected Material from specified material such that the redacted copies may be treated as Confidential Discovery Material.

12. Any party that wishes to file documents that contain EU Protected Material or Confidential Discovery Material shall (a) seek to file such materials under seal pursuant to Local Rule 5.3(c)(3), (b) redact all Confidential Information or EU Protected Information from the Discovery Material, serve the redacted versions of the Discovery Material on the producing party and provide the producing party three (3) business days to review the redacted Discovery Materials to ensure that all Confidential Information or EU Protected Information has been redacted prior to filing, or (c) allow the party that produced the Discovery Material to redact all Confidential Information or EU Protected Information from the Discovery Material prior to filing.

13. Notwithstanding the provisions of Paragraphs 8, 9, 10, and 11, this Stipulation and Order has no effect upon, and shall not apply to, any producing party's use of its own EU Protected Material or Confidential Discovery Material for any purpose, provided that party does not have an independent obligation to maintain the confidentiality of such material.  Each producing party's use

of its own EU Protected Material will be in accordance with the duties prescribed by the U.K. Data Protection Act and other similar laws applicable to the EU Protected Material.

14. The designation of discovery materials as EU Protected Material or Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a ruling that those materials actually contain EU Protected Materials or Confidential Discovery Material.

15. If a party concludes that Discovery Material or portions thereof designated as EU Protected Material or Confidential Discovery Material by any other party or non-party do not actually include EU Protected Information or Confidential Information and, therefore, do not warrant the protection claimed for them under this Stipulation and Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fourteen (14) days after service of the notice, then the designated Discovery Materials shall continue to be EU Protected Material or Confidential Discovery Material under this Stipulation and Order until the objecting party or non-party applies for and receives an Order of this Court rescinding that designation of those materials.

16. If any EU Protected Material or Confidential Discovery Material, and/or data or information derived or generated therefrom, is sought through discovery or otherwise from Plaintiff or her counsel by any person, in any subsequent judicial or administrative proceeding, Plaintiff agrees that she will immediately notify Defendants so as to permit Defendants to seek a protective order from the appropriate court. With respect to the notification required by this paragraph, Plaintiff shall notify Sarah Bouchard of Morgan, Lewis & Bockius LLP in writing.

17. All EU Protected Material or Confidential Discovery Material shall be maintained by the parties in a secure place. Access to those materials shall be limited to those individuals

specifically authorized by this Order.  The Clerk shall place any EU Protected Material filed with the Court in a non-public file.  By placing such documents in a non-public file, the Court is not making a determination of any claim of privilege.  The Court retains the right to make determinations regarding any claim of privilege and the discretion to release information necessary to carry out its responsibilities.

18. By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Stipulation and Order on the grounds that those Discovery Materials contain especially sensitive information.

19. The provisions of this Stipulation and Order shall not terminate at the conclusion of this action.  The receiving party shall either destroy EU Protected Material and Confidential Confidential Discovery Material at the conclusion of the litigation, and promptly certify in writing that it has done so, or return all EU Protected Material and Confidential Discovery Material to the producing party, including all copies of such documents that may have been made, but not including any notes or other attorney work product that may have been placed thereon.  At the request of the producing party, any copies of EU Protected Material and Confidential Discovery Material claimed to contain attorney work product shall be destroyed.

20. If any party intends to offer in evidence at trial or in any other proceedings in open court any EU Protected Material or Confidential Discovery Material, it shall serve reasonable advance notice, of not less than twenty-one (21) days, thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

21. The inadvertent or unintentional production to a receiving party or to a third-party by either party of EU Protected Material or Confidential Discovery Material that was not so designated

at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Stipulation and Order because it did not treat that information as confidential between the time it was disclosed and the time when the party that disclosed it notified the other party of the designation of that information as EU Protected Material or Confidential Discovery Material.

In the event that a producing party discovers that information or documents that are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within a reasonable time after discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure.  The receiving party shall return all copies of the information or documents to the producing party within fourteen (14) days of receipt of such notice.  However, within fourteen (14) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one (1) copy of the disputed privileged material for in camera review together with an explanation as to why the information or documents should not be deemed privileged.  The producing party shall then have fourteen (14) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged.  The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine.  The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

Dated: December 22, 2011

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP** | **LAW OFFICES OF ELLEN O'CONNELL, LLC** |
| /s/ Sarah E. Bouchard | /s/ Ellen O'Connell, Esquire |
| Sarah E. Bouchard (NJ ID # 02807-1995) | Ellen O'Connell, Esquire |
| John Lee (NJ ID # 18502007) | P.O. Box 132 |
| 1701 Market Street | Florham Park, NJ 07932 |
| Philadelphia, PA 19103-2921 | (973) 295-6800 |
| (215) 963-5077/5210 | *Attorney for Plaintiff* |
| *Attorneys for Defendants Smiths Detection, Inc., Stephen Phipson, Christopher Gane, and Pennie Boyko* | **SALLY WHITE** |

**DEBEVOISE & PLIMPTON LLP**

/s/ Jyotin Hamid
Jyotin Hamid (JH4651)
Michael Potenza (MP2969)
919 Third Avenue
New York, NY 10022
(212) 909-6743
*Attorneys for Defendant Smiths Group PLC*

Dated: December 30, 2011

**SO ORDERED:**

_____
Honorable Stanley R. Chesler
United States District Judge

## **EXHIBIT A**

      I have read the Stipulation and Order of Confidentiality between Sally White, Smiths Detection, Inc., Smiths Group, plc, Stephen Phipson, Pennie Boyko, and Christopher Gane, and I understand the responsibilities and obligations the Stipulation and Order of Confidentiality imposes on persons to whom the material encompassed by the Stipulation and Order of Confidentiality is disclosed.  Pursuant to Paragraphs 9 and 10 of the Stipulation and Order of Confidentiality, so as to permit disclosure to me of the material encompassed by the Stipulation and Order of Confidentiality, I hereby agree to comply with the Stipulation and Order of Confidentiality.  I acknowledge that a violation of this certificate constitutes a violation of an order of the Court.

      This _____ day of _____, 20___.

      _____