# Ellen O'Connell

Law Office of Ellen O'Connell, L.L.C.
P. O. Box 132
30 Columbia Turnpike
Florham Park, NJ  07932-0132
P (973) 295-6800
F (973) 295-6799
EOC@EllenOConnellEsq.Com

March 2, 2012

Hon. Michael A. Shipp
U.S. District Court
Martin Luther King Jr. Federal Building
50 Walnut St.
Newark, NJ  07101

    Re:  Sally White v. Smiths Detection, Inc., et al
        <u>Docket No. 2:10-cv-04078-MAS</u>

Dear Judge Shipp:

    This letter responds to Your Honor's request for a summary of the discovery issues that still need to be resolved, and supplements my February 1, 2012 letter to the Court. .

    With regard to depositions, the Plaintiff's deposition is scheduled on Friday, March 9, 2012.  The depositions of the Defendants' witnesses will likely occur after the settlement conference scheduled on March 30, 2012.

    With regard to paper discovery, the Plaintiff relies on the presentation of documents set forth in her letter of February 1, 2012.  There are two legal issues in dispute that the court must resolve which will settle those specific discovery requests will be settled.

I.    <u>Information Related to Intentional Discrimination</u>     The Plaintiff bears the burden of proving intentional discrimination in her NJLAD sex discrimination/pay equity case.  Given these facts, it logically follows that she is entitled to know (i) the reasons that motivated the decision to demote her, (ii) the report of the company's investigation of her charge of sex discrimination and pay equity that resulted in the firing of the man who demoted her, (iii) the name, job duties and compensation of the person who took the Director-level job that the company insisted she take after her demotion.

    Your Honor, a recent development is instructive.  In their letter to the court dated February 14, 2012, the Defendants argued that the Plaintiff should not be able to discover the

Hon. Michael A. Shipp
March 2, 2012
Page 2

documents from the executive recruiter, KornFerry International (See Letter 2/14/12 from Sarah Bouchard, Esq., at 5-6) because the "discovery request seeks information concerning the constructive discharge, demotion and retaliation claims that the Court dismissed with prejudice." In other words, if a document pertains to a dismissed claim, then it is not relevant.

We subpoenaed the documents from KornFerry and they reveal that <u>in April 2010, the Defendants HR Director Pennie Boyko and Christopher Gane contacted KornFerry and asked them to recruit for the position, "President, Services," the very job the Plaintiff claims she should have been awarded</u>. The KornFerry documents show that the Defendants agreed that the Plaintiff's job should have been compensated at a President level, evidence that is probative to the NJLAD pay equity case.

It is of critical importance to the Plaintiff's case that the Court reject the Defendants' argument that if a document pertains to a dismissed case, then it is not relevant. A document may be relevant to dismissed claims, but it may also likely lead to the discovery of admissible evidence, the proper standard here. The KornFerry documents plainly show that there is no merit to the Defendants' argument.

II.  <u>Information Related to the Award of Stock Options and Compensation</u>

Like most executives, those at Smiths Detection receive salary, bonus based on a percentage of salary and some forms of equity, such as stock options, stock grants. The Defendants stopped giving the Plaintiff stock options in 2008 and she received no other equity-based compensation after 2008. In fact, her pay went down. The male comparators, on the other hand, continued to get equity-based compensation. Smiths Detection adopted new equity plans, some of which <u>double their stock grants when the company is sold.</u>

In my document Requests 10, 11 and 16, I asked the Defendants about awards of stock or equity to the executives and for copies of the minutes of any relevant committee meetings that reviewed or approved awards of equity or stock options to any employee of Smiths Detection in any form. Defendant's response referred to only one Plan:

> "Plaintiff [and the four male comparators] all received no options
> under the Smiths Industries 1995 Executive Share Option Scheme
> during the potentially relevant period" of 2008 to 2010."

The answer is misleading. There are at least eight other option or stock award plans, other than the "1995 Executive Share Option Scheme". Smiths adopted these other equity plans after 2008 and gave awards to the male comparators but not to the Plaintiff. All of these plans say that the Remuneration Committee of Smiths Group decides who shall participate in these other plans. In

Hon. Michael A. Shipp
March 2, 2012
Page 3

some Plans, if Smiths Detection is sold, these awards accelerate, resulting, in some cases, <u>doubling</u> of the stock awards.

      Defendants have objected to discovery of the decision-making of the committee that makes the stock awards, the Remuneration Committee, saying "Plaintiff's compensation was not discussed at any meetings of Defendant's Remuneration Committee," (Smiths Group answer to Inter. 2). But that misses the point. Information related these stock grants is a key element of the sex discrimination pay equity case.

                              Respectfully submitted,
                              LAW OFFICE OF ELLEN O'CONNELL, L.L.C.

                              s/Ellen O'Connell
                 By: _____

cc:  W. John Lee, Esq.
     Jyotin Hamid, Esq.