Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Sarah E. Bouchard**
215.963.5077
sbouchard@morganlewis.com
eFax: 877.432.9652

September 25, 2012

**VIA ECF**

The Hon. Judge Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Sally White v. Smiths Detection, Inc. et al*,
      No. 2:10-cv-04078-SRC-MAS

Dear Judge Hammer:

We write to address the letter from Plaintiff's counsel dated September 24, 2012 (Dkt. No. 132), in which Plaintiff seeks to be excused from this Court's prior Orders regarding filing materials under seal. For the reasons set forth below, Defendants respectfully request that the Court deny Plaintiff's request and submit that Plaintiff should comply with this Court's prior Orders.

The Court ordered Plaintiff to file an appropriate motion to seal along with her forthcoming revised motion for leave to amend. See Dkt. No. 129. To avoid this requirement, Plaintiff initially represented to the Court that Defendants would move to seal Plaintiffs' motion for leave to amend. See Dkt. No. 131. This representation is not true, as Defendants did not agree to move to seal Plaintiff's filing.[1] Defendants explained to Plaintiff that the parties could not modify the Court's order on their own and that it would be awkward for a party opposing the motion for leave to amend to seal the moving party's papers. For instance, Defendants may be forced to move to seal certain portions of Plaintiffs' proposed amended complaint, which could be deemed an admission as to the truth of some of the allegations in a proposed complaint. Accordingly, Defendants asked Plaintiff to provide a copy of the documents prior to filing so that they could assess whether any of the information should be filed under seal or allow Defendants

---

[1]   Defendants asked Plaintiff to correct the record on this representation, but she has declined to do so, which prompted her second letter and this response.

**Morgan Lewis**
COUNSELORS AT LAW

The Hon. Judge Michael A. Hammer, U.S.M.J.
September 25, 2012
Page 2

with an opportunity to redact any protected information prior to filing, consistent with the parties' stipulated protective order.

Plaintiff previously stipulated to a protective order that provides a specific procedure that the parties must follow when seeking to file information that has been designated by either party as confidential, highly confidential, or subject to protection under European Data Privacy laws. (Dkt. No. 92). In particular, the Protective Order provides that Plaintiff may choose to: (1) file the protected information under seal pursuant to Local Rule 5.3, (2) redact all protected information and provide the producing party three business days to review the redacted materials prior to filing, or (3) allow the producing party to redact all confidential information from the filing prior to filing.

Plaintiff now asks this Court to relieve of her of her obligation to abide by one of the provisions she agreed upon in this stipulated protective order. The only rationale offered by Plaintiff to support this request is that she cannot argue a motion to seal in good faith. Yet, the Protective Order that Plaintiff previously agreed to provides a mechanism by which Plaintiff would not need to assert such arguments, as the parties could simply redact any protected information prior to filing. Plaintiff should abide by the procedure mandated by the protective order and to which she previously agreed.

Sincerely,

*[signature]*
Sarah E. Bouchard

c:   Ellen O'Connell, Esquire (via ECF and email)
     Melvyn H. Bergstein, Esquire (via ECF and email)
     Jyotin Hamid, Esquire (via ECF and email)
     W. John Lee, Esquire (via ECF and email)