UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALLY WHITE, | : |
| Plaintiff, | : Civil Action No. 10-4078 (KM) |
| v. | : |
| SMITHS DETECTION, INC., ET AL., | : ORDER ON INFORMAL APPLICATION |
| Defendants. | : |

This matter having come before the Court by way of plaintiff's letter, dated September 19, 2012, requesting that the Court grant an extension of time until October 5, 2012, for plaintiff to file a motion to file a Second Amended Complaint (ECF No. 131) in compliance with the Court's August 28, 2012, Order (ECF No. 129);

and the Court's August 28, 2012, Order having required plaintiff to file her motion for leave to file a Second Amended Complaint and to seal the record by September 21, 2012, see ECF No. 129;

and the Court having authority pursuant to Federal Rule of Procedure 16 to schedule motion practice and manage the issues before it, see Fed. R. Civ. P. 16(a); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) (providing that the purpose of Rule 16 is "to provide for judicial control over a case at an early stage . . . making the trial process more efficient, [and] less costly . . . .");

and the Court finding that extending time for plaintiff to file her motion for leave to file a Second Amended Complaint is the most efficient manner to proceed in this action;

and it appearing that defendants do not object to plaintiff's request for more time;

IT IS ON THIS 26th day of September, 2012

ORDERED that plaintiff's informal application for an extension of time until **October 5, 2012**, to file a motion for leave to file a Second Amended Complaint is granted.  The renewed motion shall comply with the Court's August 28, 2012, Order; and it is further

ORDERED that any motion to seal materials shall comply with Local Civil Rule 5.3; and it is further

ORDERED that the materials presently under seal (ECF Nos. 111–112) shall remain under seal pending the Court's review of any motion to seal[1]; and it is further

ORDERED that nothing herein constitutes a ruling as to whether or not the material identified warrants sealing; and it is further

ORDERED that all other applicable provisions of the Court's August 28, 2012, Order (ECF No. 129) shall remain in full force and effect.

s/ Michael A. Hammer<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[1] There appears to be some dispute between the parties regarding which party is to file a motion to seal.  See, e.g., Pl.'s Letter, Sept. 19, 2012, ECF No. 131 (representing that defendants would file motion to seal); Pl.'s Letter, Sept. 24, 2012, ECF No. 132 (representing that "[i]t is the Defendants who are the 'part(ies) seeking to seal materials'"); Defs.' Letter, Sept. 25, 2012, ECF No. 133 (denying that defendants agreed to move to seal).  Plaintiff sought to file ECF Nos. 111-112 under seal when she filed her initial motion to amend.  The Court based its August 28, 2012, Order requiring plaintiff to file a motion to seal by September 21, 2012 on the fact that plaintiff had failed to comply with Local Civil Rule 5.3 in sealing those materials.  See Order, Aug. 28, 2012, ECF No. 129, at 6 & n.7 ("and it appearing that the plaintiff has sealed the motion and supporting papers without moving to seal those documents").  Therefore, and as the Court made plain in its August 28, 2012, Order, to the extent plaintiff seeks to seal ECF Nos. 111-112, or any other materials, she must file an appropriate motion under Local Civil Rule 5.3.