Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Sarah E. Bouchard**
215.963.5077
sbouchard@morganlewis.com
eFax: 877.432.9652

November 16, 2012

**VIA ECF**

The Hon. Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Sally White v. Smiths Detection, Inc. et al,*
       No. 2:10-cv-04078-SRC-MAS

Dear Judge Hammer:

We write to bring to the Court's attention two concerns relating to Plaintiff's letter dated November 12, 2012 (Dkt. No. 141), which she submitted as her reply brief in support of her Renewed Motion for Leave to File a Second Amended Complaint (Dkt. No. 135).

First, the letter that Plaintiff submitted as her purported reply brief is just the latest example of Plaintiff's cavalier disregard for the Court's procedural rules.[1] In particular, Plaintiff's letter does not comply with the requirements of Local Rule 7.2 relating to the format of briefs and thus it appears that this submission exceeds the applicable page limit for reply briefs. Plaintiff's continued refusal to follow straightforward rules warrants action by the Court. *See Kabacinski v. Bostrom Seating*, 98 Fed. App' x. 78, 82 n. 3 (3d Cir. 2004) (noting district courts possess inherent "power to impose even harsh penalties for violation of local rules").

Second, and more troubling, Plaintiff raises new arguments for the first time in her purported

---

[1]   Other recent examples of Plaintiff's failures to abide by the Court's Orders and the applicable rules of procedure are set forth in the Order dated August 28, 2012 (Dkt. No. 129) and Defendants' Opposition to Plaintiff's Renewed Motion for Leave to File a Second Amended Complaint (*see* Dkt. 138 at 8-10).

**Morgan Lewis**
COUNSELORS AT LAW

The Hon. Judge Michael A. Hammer, U.S.M.J.
November 16, 2012
Page 2

reply brief. For instance, although Plaintiff identified the proposed constructive discharge claim in her opening brief as a previously dismissed claim that she is now seeking to revive, she now argues in her reply brief that the "amended complaint raises a *new* claim of constructive discharge" and thus that the Court should not "compare [Plaintiff's] positions before and after the transfer" in analyzing her constructive discharge claim. Dkt. 141 at 5 (emphasis added).[2] As just one more example, Plaintiff argues for the first time her reply brief that good cause pursuant to Rule 16 exists for the proposed amendment, but she does not explain why she failed to raise such arguments in her opening brief. Such neglect is simply inexcusable given the unique procedural posture of the instant motion. *See* Dkt. No. 128 at 13 (noting that Plaintiff knew she had to demonstrate good cause in light of the fact that the Court pointed to this standard in its order terminating her prior motion for leave to amend). Of course, it is well settled that arguments that are raised for the first time in a reply brief are waived. *See, e.g., Int'l. Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n. 11 (3d Cir. 1992); *D'Argenzio v. Bank of Am. Corp.*, No. 09-5604, 2012 WL 2839598 (D.N.J. July 9, 2012).

These are just the latest examples of Plaintiff's refusal to accept or abide by the Court's rulings and procedural rules. See Dkt. No. 138 at 8-9 (demonstrating that Plaintiff's motion should be denied because she failed to abide by the Court's Orders and local rules). It is becoming increasingly frustrating and difficult to litigate this action when the Plaintiff repeatedly shifts the factual and legal basis for her claims and repeatedly disregards the most basic procedural rules of the Court.

Sincerely,

*/s/ Sarah E. Bouchard*

Sarah E. Bouchard

c:  Ellen O'Connell, Esquire (via ECF and email)
    Melvyn H. Bergstein, Esquire (via ECF and email)
    Jyotin Hamid, Esquire (via ECF and email)
    W. John Lee, Esquire (via ECF and email)

---

[2] On the very next page of her letter, however, Plaintiff inexplicably suggests that she was forced to "choose between radical demotion or discharge." Pl. Br. at 6.