# WALDER, HAYDEN & BROGAN, P.A.

COUNSELLORS AT LAW
5 BECKER FARM ROAD
ROSELAND, NEW JERSEY 07068-1727
(973) 992-5300

FACSIMILE: (973) 992-1505
(973) 992-1006

DIRECT FAX: (973)992-3164
E-MAIL: MHBERGSTEIN@WHBESQS.COM
WWW.WHBESQS.COM

justin p. walder
joseph a. hayden, jr[1]
thomas j. spies
james a. plaisted[1,4,5]
heather g. suarez
michael j. faul, jr.[1,2]
jeffrey a. walder
shalom d. stone[1]
barry h. evenchick[1]
roger plawker[2]
christopher d. adams
steven g. walder[1]
robert j. donaher
rebekah r. conroy[1]

joel sondak (1932-1995)

kevin a. buchan[1]
leigh-anne mulrey[1]

of counsel
melvyn h. bergstein[1,4]
john h. skarbnik[1], ll.m., c.p.a.
steven d. grossman[1]
alan silber[3,5]
asaad k. siddiqi[1]
peter g. bracuti
lin c. solomon[1]

counsel to the firm
martin l. greenberg[1]

our file no.

[1] member of nj & ny bars
[2] member of nj & dc bars
[3] member of nj, ny, ca & va bars
[4] certified by the supreme court as a civil trial attorney
[5] certified by the supreme court as a criminal trial attorney

May 10, 2013

Hon. Michael A. Hammer, U.S. M.J.
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> Re: White v. Smiths Group, plc, et al.
> Civil Action No. 2:10-4078 (KM)

Dear Judge Hammer:

This letter accompanies plaintiff's motion to seal the proposed Second Amended Complaint ("SAC") whose genesis is a direction by the Court contained in two orders--August 28, 2012 (ECF No. 129 at 7) and April 30, 2013 (ECF No. 145), entered by you. Presumably, you directed that this motion be filed because the Plaintiff has sought to file the SAC under seal without first having satisfied the requirements of Local Rule 5.3. The Rule clearly sets forth a public policy that "(4) Subject to this rule and to statute or other law, all materials and judicial proceedings are matters of public record and shall not be sealed." L.Civ.R. 5.3.

Plaintiff's counsel are in the anomalous position of being ordered to file a motion which, for the reasons delineated in the accompanying Certification of Ellen O'Connell, Esq., they cannot support. The plaintiff has not and likely will not seek the court's protection to hide from public view *any* documents associated with this case. It is the defendants who seek non-disclosure.

**WALDER, HAYDEN & BROGAN, P.A.**

*Hon. Michael A. Hammer, U.S.M.J.*
*May 10, 2013*
*Page 2*

---

Ms. O'Connell's certification amply demonstrates the history of defendants' efforts keep documents from public scrutiny. In late 2011, the parties entered into a confidentiality agreement in a Stipulation and Consent Order that the Magistrate signed and filed on January 3, 2012 (Ex. A) O'Connell Cert. ¶¶ 5 to 10. It does not appear that Magistrate Shipp was asked by the defendants to seal documents and pleadings nor did he so order. Indeed, had he done so, that likely would have been problematic. Even if the parties had agreed among themselves to hide from the public information to which the public is entitled, no court would be bound by that agreement.

The plaintiff accepts the responsibilities that her counsel voluntarily undertook when she entered into a Confidentiality Agreement. But such an acceptance of responsibility does not permit her *carte blanche* to agree that the defendants have satisfied the strictures of the sealing rules.

If the defendants want to keep documents and pleading from public view, they should have followed established protocol to try to accomplish that feat. We have invited them to do so, but they have declined to accept our suggestion. Id at ¶18.

This case is a poster child for contemporary slugfest employment litigation. There was a time when merits had something to do with lawsuits. I'd like to get back to that time and bring this case to trial. For that, the parties will need the court's help.

Very truly yours,

Melvyn H. Bergstein

cc: Sarah Bouchard, Esq.
Jyotin Hamid, Esq.