## WALDER, HAYDEN & BROGAN, P.A.

COUNSELLORS AT LAW
5 BECKER FARM ROAD
ROSELAND, NEW JERSEY 07068-1727
(973) 992-5300

FACSIMILE:  (973) 992-1505
(973) 992-1006

DIRECT:  (973) 314
DIRECT FAX:  (973) 992-3164
E-MAIL: MHBERGSTEIN@WHBESQS.COM
WWW.WHBESQS.COM

justin p. walder
joseph a. hayden, jr[1]
thomas j. spies
james a. plaisted[1,4,5]
heather g. suarez
michael j. faul, jr.[1,2]
jeffrey a. walder
shalom d. stone[1]
barry h. evenchick[1]
k. roger plawker[2]
christopher d. adams
vikki s. ziegler[1,2]
steven g. walder[1]

joel sondak  (1932-1995)

[1]member of nj & ny bars
[2]member of nj & dc bars
[3]member of nj, ny, ca & va bars
[4]certified by the supreme court as a civil trial attorney
[5]certified by the supreme court as a criminal trial attorney

peter g. bracuti
lin c. solomon[1]
rebekah r. conroy[1]
kevin a. buchan[1]
leigh-anne mulrey[1]
kate janukowicz[1]

of counsel
john a. brogan
melvyn h. bergstein[1,4]
john h. skarbnik[1], ll.m., c.p.a.
steven d. grossman[1]
alan silber[3,5]
robert j. donaher
michael d'alessio, jr.
asaad k. siddiqi[1]

counsel to the firm
martin l. greenberg[1]

our file no.

May 23, 2013

Hon. Michael A. Hammer, U.S. M.J.
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

  Re:  White v. Smiths Group, plc, et al.
   Civil Action No. 2:10-4078 (KM)

Dear Judge Hammer:

  This letter is written as a reply to the Plaintiff's motion to file the Second Amended Complaint under seal.  Succinctly put, although the Defendants' response may be high on the indignation index, it is very low on the quality of legal argument index.  Although the exhibits that accompany the Defendants' response may show less than a responsible share of bickering between the parties, they do show that the Plaintiff has acted responsibly concerning the matter of sealing.

  The Plaintiff filed the Second Amended Complaint under seal as the Defendants wished.  Filing the pleading under seal does not mean, *a fortiori*, that she is entitled to have the document sealed as the Court wisely pointed out in its order or, indeed, that the Defendants have a right as a matter of law to have its sealed.  Surely even if the parties agree to a sealing, that final determination is for the court alone after assuring itself that the criteria for sealing have been met.  No court has made that determination in this case.  No one has filed with the court the affidavit required under the Local Rule, identifying any legitimate private or public interest that requires that data or pleadings be withheld from the public (O'Connell Cert. at ¶7).  While Magistrate Shipp approved the form of Stipulation of Confidentiality to which the parties consented, he did not review any documents or information and made no findings on the issue of whether anything should be sealed.

**WALDER, HAYDEN & BROGAN, P.A.**

*May 23, 2013*
*Page 2*

---

      Assuming, *arguendo,* that, by former agreement, the Plaintiff was required to file the pleading under seal—nowhere is she obligated to defend the merits of such a filing when her counsel in good faith believes the law does not warrants that relief.  Perhaps there exists a legal system that venerates process over substance—but ours is not such a system. Why are the Defendants who so passionately argue for a sealing so reticent to advocate their position by bringing a motion themselves?  Can it be that they are concerned that they will be unable to satisfy a court that the requisite criteria for a judicial sealing do not exist?

      Local R. 5.3 anticipates such situations as this, when a movant is not the proponent of the request to seal.  Importantly, the Rule states:

> If the information required in this section [5.3(c)] is not within the knowledge of the movant, supplemental motion papers in support of the motion may be filed by a party . . . having such knowledge not later than fourteen (14) days after the filing of the motion.

      Thus, the person with the information supporting the seal must make the case by stating the legitimate interests which require sealing, the clearly defined and serious injury that would result if the relief is not granted and why a less restrictive alternative to the relief sought is not available, with Proposed Findings of Fact and Conclusions of Law and a proposed form of order submitted with their papers.

      The details contained within the pleading in issue implicate an important public policy of this state and, indeed, of this nation—invidious gender discrimination.  Here, the Plaintiff, a New Jersey resident, alleges impermissible pay inequity at the highest reaches of a publicly held corporation with offices in New Jersey.  The data she alleges (Ex. E, O'Connell Cert.) is the compensation paid to the men whom she claims are her comparators; the stock and equity plans that were offered to the men but not to her; the communications between executives concerning her employment that she argues demonstrates sex discrimination violating the N.J. Law Against Discrimination.  The facts alleged in her pleading are material to proving her causes of action.

      Defendants argue that disclosure of data concerning their U.K. personnel may subject them to fines and penalties under the United Kingdom Data Protection Act.  They do not explain how they may be held for fines and penalties or who would charge them.  They cite no federal court opinion holding that the mere possibility of fines entitles them to seal all personnel data.  No affidavits or certifications accompany their response.

      While the Defendants contend that the U.K. Data Protection Act prohibits public disclosure, Plaintiff argues that there is an exemption in the law for legal proceedings, and the Act does not apply to this case.

**WALDER, HAYDEN & BROGAN, P.A.**

*May 23, 2013*
*Page 3*

---

> PART IV, EXEMPTIONS, § 27 Preliminary.
> (1)    References in any of the data protection principles or any provision of Parts II and III to personal data or to the processing of personal data do not include references to data or processing which by virtue of this Part are exempt from that principle or other provision.
>
> . . .
>
> 35    Disclosures required by law or made in connection with legal proceedings etc.
>
> (1)  Personal data are exempt from the non-disclosure provisions where the disclosure is required by or under any enactment, by any rule of law or by the order of a court.
>
> (2)  Personal data are exempt from the non-disclosure provisions where the disclosure is necessary—
>
>     (a)  for the purpose of, or in connection with, any legal proceedings (including prospective legal proceedings), or
>
>     (b)  for the purpose of obtaining legal advice, exercising or defending legal rights.  U.K. Data Protection Act of 1988.

Defendants have offered no authority under the Local Rule permitting the sealing of the information.  They have not submitted the Proposed Findings of Fact and Conclusions of Law or a form of order satisfy the protocol of Local. R. 5.3(c).  They do not explain how disclosure of those data will cause serious injury.  Thus, the motion fails and the motion to seal should be denied.

                                             Very truly yours,

                                             s/Melvyn H. Bergstein
                                             Melvyn H. Bergstein


cc:  Sarah Bouchard, Esq.
     Jyotin Hamid, Esq.
     Ellen O'Connell, Esq.