UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **SALLY WHITE,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-4078 (KM) |
| | : | |
| v. | : | |
| | : | |
| **SMITHS DETECTION, INC., ET AL.,** | : | ORDER |
| | : | |
| Defendants. | : | |
| | : | |

This matter having come before the Court by way of the parties' joint letter ("Joint Letter"), dated June 28, 2013, presenting to the Court plaintiff's outstanding discovery requests and reciting the ways in which plaintiff has allegedly failed to participate in the meet-and-confer process,[1] see Joint Letter, June 28, 2013, ECF No. 155;

and plaintiff having filed a letter in response, dated June 28, 2013, in which she claims that defendants failed to engage in a good-faith effort to meet and confer,[2] see Pl.'s Letter, June

---

[1] Defendants urge the Court to find "that Plaintiff has waived all remaining discovery issues because she failed to adhere to this Court's Order in numerous respects." Joint Letter, June 28, 2013, ECF No. 155, at 2. Defendants claim that plaintiff did not communicate what discovery issues she believed were outstanding until she sent defendants an e-mail dated June 21, 2013. Id. Defendants assert that plaintiff's June 21, 2013 e-mail failed utterly to provide sufficient detail and particularity to serve as a springboard for the meet-and-confer process. Id. at 2–3. Defendants maintain that the Court should determine that plaintiff has waived her position on the outstanding discovery issues because she failed to address the extent to which the Court's Opinion and Order [ECF Nos. 144–45] narrowed the scope of discovery issues. Id. at 3. Defendants also request a status conference to address the scope of remaining discovery. Id.

[2] Plaintiff asserts that she sent an e-mail to defense counsel on the afternoon of June 21, 2013 that she deemed responsive. Pl.'s Letter, June 28, 2013, ECF No. 156, at 1. However, she contends that defendants did not respond to her June 21, 2013 e-mail until they sent her an e-mail dated June 28, 2013, in which defendants advised that they would not entertain further changes

(continued...)

28, 2013, ECF No. 156;

and the Court's June 3, 2013, Order having directed the parties to "meet and confer in a good faith attempt to resolve any remaining discovery issues" and, if they were unable to resolve those discovery issues, to submit to the Court a joint letter explaining how the Court's Opinion and Order [ECF Nos. 144–45] narrowed the scope of outstanding discovery issues and explaining in detail the nature of those outstanding discovery issues, see Order, June 3, 2013, ECF No. 152, at 4;

and Local Civil Rule 37.1(a)(1), Federal Rule of Civil Procedure 37(a)(1), and paragraph five (5) of the September 8, 2011 Pretrial Scheduling Order [ECF No. 84] requiring similarly that the parties must meet and confer in a good faith effort to resolve informally discovery disputes before presenting them to the Court;

and it appearing from the letters [ECF Nos. 155, 156] that the parties have not met and conferred in a good faith attempt to resolve their outstanding discovery issues before presenting them to the Court;[3]

---

[2](...continued)
or alterations to their portion of the joint submission prior to its filing with the Court. Id. at 2. Plaintiff argues that if defendants "were truly interested in moving this case along, one would assume that they would have confronted [plaintiff's counsel], expressed their dissatisfaction [with plaintiff's June 21, 2013 e-mail], and invited further dialogue well in time to submit a letter that all parties can agree upon." Id. at 1.

[3] The Court finds that the parties have not adequately met and conferred because they have failed to comply with the Court's plain instruction to submit a single filing in the form of a joint letter on the outstanding discovery issues. Rather, the June 28, 2013 Joint Letter [ECF No. 155] does not appear to be "jointly" filed, given the fact that plaintiff felt the need to file a letter in response [ECF No. 156] on that same date. Neither the Joint Letter nor plaintiff's letter indicate the compromises, if any, offered by either party in the meet-and-confer process. Further, neither party appears to credit the opposing party with engaging in a good-faith effort to meet and
(continued...)

IT IS ON THIS 2nd day of July, 2013

ORDERED that the parties will continue to meet and confer in a good faith attempt to resolve any remaining discovery issues before again seeking the Court's intervention on the matter; and it is further

ORDERED that if the parties are unable to resolve their remaining discovery issues, they must submit a <u>single filing</u> in the form of a <u>joint letter</u>, no later than **July 15, 2013**, explaining in detail the extent, if any, to which the Court's Opinion and Order [ECF Nos. 144–45] narrowed the scope of discovery issues identified previously by the parties [<u>see</u> ECF Nos. 96, 98, 102], and explaining in detail:

1. the outstanding discovery request(s);
2. the response(s);
3. efforts to resolve the dispute(s);
4. why the complaining party believes the information is relevant and discoverable and why the responding party's response continues to be deficient; and
5. why the responding party believes its response is sufficient; and it is further

ORDERED that <u>no further submissions</u> regarding any such discovery disputes may be filed without prior leave of the Court; and it is further

ORDERED that a failure by either party to comply with this Order or explain or state its position in a <u>joint letter</u> may be deemed a waiver of its position; and it is further

ORDERED that the parties' request for a telephone conference before the Undersigned to

---

[3](...continued)
confer; rather, defendants merely point out the alleged deficiencies in plaintiff's June 21, 2013 e-mail, and plaintiff merely complains that defendants did not respond to its June 21, 2013 e-mail until June 28, 2013. Thus, each letter fails to comply with the Court's June 3, 2013 Order [ECF No. 152] because each letter fails to detail the extent to which the parties allegedly met and conferred in good faith on these issues. Therefore, the Court finds that the parties have failed to satisfy the "meet and confer" requirements pursuant to Fed. R. Civ. P. 37 and L. Civ. R. 37.1. At this time, the Court offers no opinion on the outstanding discovery disputes.

discuss the issues identified in the Joint Letter is **denied** without prejudice to the right of either party to request such a conference only after they have complied with the requirements and joint-letter protocol set forth by this Court in the instant Order and in the June 3, 2013 Order.

s/ Michael A. Hammer  
**UNITED STATES MAGISTRATE JUDGE**