**DEBEVOISE & PLIMPTON LLP**
Jyotin Hamid (JH4651)
Michael Potenza (MP2969)
Emily J. Mathieu (EM1844)
919 Third Avenue
New York, NY 10022
(212) 909-6743
*Attorneys for Defendants Smiths Group plc*

**MORGAN, LEWIS & BOCKIUS LLP**
Sarah E. Bouchard (NJ ID # 02807-1995)
John Lee (NJ ID # 18502007)
1701 Market Street
Philadelphia, PA 19103-2921
 (215) 963-5077/5210
*Attorneys for Defendants Smiths Detection Inc., Stephen Phipson, Christopher Gane, Brian Bark
and Pennie Boyko*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SALLY WHITE,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**SMITHS DETECTION, INC., SMITHS GROUP, PLC, STEPHEN PHIPSON, CHRISTOPHER GANE, AND PENNY BOYKO,**<br><br>    **Defendants.**[1] | Civil Action No. **2:10-CV-04078-KM-MAH**<br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br><br>**Document Electronically Filed** |

---

[1] Philip Bowman and Brian Bark were named as defendants in the original complaint, but have since been dismissed from this action.

1

Defendants Smiths Group plc ("Smiths Group"), Smiths Detection Inc.

("Smiths Detection"), Stephen Phipson, Christopher Gane, and Penny Boyko

("Defendants") respond as follows to the Second Amended Complaint ("SAC") of

Plaintiff Sally White ("Plaintiff"):

1.  Denied.

2.  Denied.

3.  The allegations contained in Paragraph 3 of the SAC are conclusions of law to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in Paragraph 3.

4.  The allegations contained in Paragraph 4 of the SAC are conclusions of law to which no response is necessary.  By way of further response, Defendants specifically deny that any unlawful practices occurred.

5.  Defendants admit that Smiths Group, of London, England, is a British public limited company with about 23,000 employees, roughly 9,000 of which are in the United States.  Defendants otherwise deny the allegations in Paragraph 5.

6.  Defendants admit that there are several documents attached to the SAC as Exhibit A and refer to such documents for the contents thereof.  Otherwise, the allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 6.

7.  Defendants admit only that Smiths Group, of London, England sponsors certain stock plans.  Defendants deny the remaining allegations in Paragraph 7.

8.  The allegations in Paragraph 8 constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that Smiths Group has five business divisions, one of which is the Smiths Detection division, which includes the legal entity that is Defendant Smiths Detection, Inc.

10.     Defendants admit that Smiths Detection, Inc. is a Nevada corporation and a subsidiary of Smiths Detection Group Limited of Watford, Hertfordshire, United Kingdom, which is a subsidiary of Smiths Group, PLC of London, England, United Kingdom.

11.     To the extent that the allegations in Paragraph 11 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 11.

12.     Admitted.

13.     The allegations in Paragraph 13 constitute conclusions of law to which no responsive pleading is required.

14.     Defendants admit that Mr. Phipson is a resident of London, England. Defendants deny that he is a proper defendant in this action.

15.     The allegations in Paragraph 15 constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 15.

15A.    Defendants admit that Mr. Phipson was employed as President of Smiths Detection from August 2004 to May 2011.

15B.    Denied.

15C.    Denied.

15D.    To the extent that the allegations in Paragraph 15D purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 15D.

16.     Defendants admit that Mr. Gane is a resident of Scotland, that he was employed as the Chief Operating Officer of Smiths Detection from approximately November 2008 until July 2010, and that Mr. Gane was

Plaintiff's supervisor.  Defendants deny that Mr. Gane is a proper defendant in this action.

17.    The allegations in Paragraph 17 constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 17.

18.    Admitted.

19.    The allegations in Paragraph 19 constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 19.

19A.   Defendants admit that Pennie (incorrectly spelled "Penny" in the SAC) Boyko has been employed as Vice President of Human Resources of Smiths Detection since January 2009.  Defendants deny that Ms. Boyko is a proper defendant in this action.

19B.   Denied.

19C.   Defendants admit that Ms. Boyko met with Plaintiff in or about September 2009 to discuss Plaintiff's compensation.  To the extent that the allegations in Paragraph 19C purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 19C.

19D.   To the extent that the allegations in Paragraph 19E purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 19E.

20.    Denied.

21.    Defendants admit that Ms. White began employment with Smiths Group in 1993 and that Ms. White worked as Vice President of Services Operations Americas for Smiths Detection and as Vice President of Global Services Operations for Smiths Detection.  To the extent that the allegations in Paragraph 21 purport to refer to written documents, Defendants refer to such documents for the contents thereof.

22.    Denied.

23.   Denied.

24.   Denied.

25.   Denied.

26.   Defendants admit that Plaintiff's employment records reflect her age and years of service as alleged in Paragraph 26.

27.   To the extent that the allegations in Paragraph 27 purport to refer to written documents, Defendants refer to such documents for the contents thereof. Defendants otherwise deny the allegations in Paragraph 27.

28.   Denied.

29.   Denied.

30.   Defendants admit only that Plaintiff's employment records reflect her education as alleged in Paragraph 30. To the extent that the allegations in Paragraph 30 purport to refer to written documents, Defendants refer to such documents for the contents thereof. Defendants otherwise deny the allegations in Paragraph 30.

31.   Denied.

32.   Defendants admit only that on November 30, 2000, Smith Industries, PLC changed its named to Smiths Group, PLC. To the extent that the allegations in Paragraph 32 refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 32.

33.   To the extent that the allegations in Paragraph 33 purport to refer to a written document, Defendants refer to such document for the contents thereof.

34.   To the extent that the allegations in Paragraph 34 purport to refer to a written document, Defendants refer to such document for the contents thereof.

35.   To the extent that the allegations in Paragraph 35 purport to refer to a written document, Defendants refer to such document for the contents thereof.

36.   Defendants admit that Plaintiff reported to John Shepherd, who was Managing Director of Smiths Detection for a portion of the time period specified in Paragraph 36.  Defendants otherwise deny the allegations in Paragraph 36.

37.   Defendants admit that Smiths Detection has global recognition and presence.  Defendants otherwise deny the allegations in Paragraph 37.

38.   To the extent that the allegations in Paragraph 38 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations of Paragraph 38.

39.   Defendants admit that Plaintiff worked as Vice President of Global Services Operations for Smiths Detection.  Defendants otherwise deny the allegations in Paragraph 39.

40.   Denied as stated.  As stated on its website, Smiths Detection's Services Operations business "provides world-class customer support for the complete line of Smiths Detection products."

41.   Denied.

42.   To the extent that the allegations in Paragraph 42 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 42.

43.   Defendants admit that Plaintiff worked as Vice President of Global Services Operations for Smiths Detection.  Defendants otherwise deny the allegations in Paragraph 43.

44.   To the extent that the allegations in Paragraph 44 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 44.

45.   Denied.

46.   To the extent that the allegations in Paragraph 46 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 46.

47.   Denied.

48.   Denied.

49.   To the extent that the allegations in Paragraph 49 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 49.

50.   Defendants admit only that Mr. Gane was employed as the Chief Operating Officer of Smiths Detection from approximately November 2008 until July 2010, and was elected to the Smiths Detection's board of directors. Defendants otherwise deny the allegations in Paragraph 50.

51.   Defendants admit only that Christopher Gane was Plaintiff's supervisor. Defendants otherwise deny the allegations in Paragraph 51.

52.   Denied.

53.   Paragraph 53 of the SAC relates to Plaintiff's previously dismissed sexual harassment claim.  Indeed, plaintiff alleged a claim of sexual harassment in her First Amended Complaint (Doc No. 34 ¶¶ 160-164), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied.  (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 53 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 53.

54.   Paragraph 54 of the SAC relates to Plaintiff's previously dismissed sexual harassment claim.  Indeed, plaintiff alleged a claim of sexual harassment in her First Amended Complaint (Doc No. 34 ¶¶ 160-164), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in

Paragraph 54 are immaterial and irrelevant to this action. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 54.

55.     Paragraph 55 of the SAC relates to Plaintiff's previously dismissed sexual harassment claim. Indeed, plaintiff alleged a claim of sexual harassment in her First Amended Complaint (Doc No. 34 ¶¶ 160-164), and the Court dismissed that claim with prejudice. (Doc Nos. 64, 65). Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81). Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required. The allegations contained in Paragraph 55 are immaterial and irrelevant to this action. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 55.

56.     Paragraph 56 of the SAC relates to Plaintiff's previously dismissed sexual harassment claim. Indeed, plaintiff alleged a claim of sexual harassment in her First Amended Complaint (Doc No. 34 ¶¶ 160-164), and the Court dismissed that claim with prejudice. (Doc Nos. 64, 65). Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81). Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required. The allegations contained in Paragraph 56 are immaterial and irrelevant to this action. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 56.

57.     Paragraph 57 of the SAC relates to Plaintiff's previously dismissed sexual harassment claim. Indeed, plaintiff alleged a claim of sexual harassment in her First Amended Complaint (Doc No. 34 ¶¶ 160-164), and the Court dismissed that claim with prejudice. (Doc Nos. 64, 65). Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81). Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required. The allegations contained in Paragraph 57 are immaterial and irrelevant to this action. To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 57.

58.     Paragraph 58 of the SAC relates to Plaintiff's previously dismissed sexual harassment claim. Indeed, plaintiff alleged a claim of sexual harassment in

her First Amended Complaint (Doc No. 34 ¶¶ 160-164), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 58 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 58.

59.   Paragraph 59 of the SAC relates to Plaintiff's previously dismissed sexual harassment claim.  Indeed, plaintiff alleged a claim of sexual harassment in her First Amended Complaint (Doc No. 34 ¶¶ 160-164), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 59 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 59.

60.   To the extent that the allegations in Paragraph 60 purport to refer to a written document, and Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 60.

61.   As Plaintiff concedes, Paragraph 61 of the SAC relates to Count VI, Constructive Discharge Claim, of the Proposed SAC, Doc. No. 137.  As set forth in this Court's Opinion and Order, Doc. Nos. 144 & 145, the Court denied her leave to include this Count because the Court already dismissed this cause of action.  Indeed, plaintiff alleged constructive discharge in her First Amended Complaint (Doc No. 34 ¶¶ 153–55), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 61 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 61.

62.     As Plaintiff concedes, Paragraph 62 of the SAC relates to Count VI, Constructive Discharge Claim, of the Proposed SAC, Doc. No. 137.  As set forth in this Court's Opinion and Order, Doc. Nos. 144 & 145, the Court denied her leave to include this Count because the Court already dismissed this cause of action.  Indeed, plaintiff alleged constructive discharge in her First Amended Complaint (Doc No. 34 ¶¶ 153–55), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 62 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 62.

63.     As Plaintiff concedes, Paragraph 63 of the SAC relates to Count VI, Constructive Discharge Claim, of the Proposed SAC, Doc. No. 137.  As set forth in this Court's Opinion and Order, Doc. Nos. 144 & 145, the Court denied her leave to include this Count because the Court already dismissed this cause of action.  Indeed, plaintiff alleged constructive discharge in her First Amended Complaint (Doc No. 34 ¶¶ 153–55), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 63 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 63.

64.     As Plaintiff concedes, Paragraph 64 of the SAC relates to Count VI, Constructive Discharge Claim, of the Proposed SAC, Doc. No. 137.  As set forth in this Court's Opinion and Order, Doc. Nos. 144 & 145, the Court denied her leave to include this Count because the Court already dismissed this cause of action.  Indeed, plaintiff alleged constructive discharge in her First Amended Complaint (Doc No. 34 ¶¶ 153–55), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in

Paragraph 64 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 64.

65.   As Plaintiff concedes, Paragraph 65 of the SAC relates to Count VI, Constructive Discharge Claim, of the Proposed SAC, Doc. No. 137.  As set forth in this Court's Opinion and Order, Doc. Nos. 144 & 145, the Court denied her leave to include this Count because the Court already dismissed this cause of action.  Indeed, plaintiff alleged constructive discharge in her First Amended Complaint (Doc No. 34 ¶¶ 153–55), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 65 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 65.

66.   As Plaintiff concedes, Paragraph 66 of the SAC relates to Count VI, Constructive Discharge Claim, of the Proposed SAC, Doc. No. 137.  As set forth in this Court's Opinion and Order, Doc. Nos. 144 & 145, the Court denied her leave to include this Count because the Court already dismissed this cause of action.  Indeed, plaintiff alleged constructive discharge in her First Amended Complaint (Doc No. 34 ¶¶ 153–55), and the Court dismissed that claim with prejudice.  (Doc Nos. 64, 65).  Plaintiff then filed a motion for reconsideration (Doc No. 69), which the Court denied. (Doc Nos. 80, 81).  Because the Court twice denied Plaintiff leave to include this allegation, no responsive pleading is required.  The allegations contained in Paragraph 66 are immaterial and irrelevant to this action.  To the extent that a response is deemed required, Defendants deny the allegations in Paragraph 66.

## Count One

67.   Defendants incorporate by reference their responses to all preceding paragraphs as though set forth in full herein.

68.   Defendants admit Plaintiff is a female. The allegation that Ms. White is a member of a protected class is a legal conclusion to which no responsive

pleading is required. Defendants deny the remaining allegations of Paragraph 68.

69.     Denied.

70.     Defendants admit that Cherif Rizkalla and Mal Maginis are male. Defendants further admit that Cherif Rizkalla joined Smiths Detection in 2003 and that Ms. White was a Vice President at the time. Defendants deny the remaining allegations of Paragraph 70.

71.     Denied as stated. In 2004, Mr. Rizkalla assumed the role of President of the Americas division and President of Security and Inspection.

72.     Denied.

73.     Defendants admit only that Mal Maginnis joined Smiths Detection in 2003. Defendants deny the remaining allegations of Paragraph 73.

74.     Denied.

75.     Defendants admit only that when Mr. Rizkalla and Mr. Maginnis were promoted they received increases in their compensation. Defendants are without knowledge or information sufficient to form a belief regarding which stock purchase plans Plaintiff knew existed, and therefore, Defendants deny those allegations. Defendants otherwise deny the allegations in Paragraph 75.

76.     To the extent that the allegations in Paragraph 79 purport to refer to a written document, Defendants refer to such document for the contents thereof. Defendants otherwise deny the allegations in Paragraph 76.

77.     Defendants admit that Plaintiff's title changed to Vice President of Service Operations Americas in 2003 and in 2006 changed to Vice President of Global Service Operations. Defendants otherwise deny the allegations in Paragraph 77.

78.     Denied.

79.     Defendants admit that in or about August 2009, Plaintiff discussed her compensation with Mr. Gane. To the extent that the allegations in

Paragraph 79 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 79.

80.   Denied.

81.   To the extent that the allegations in Paragraph 81 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 81.

82.   Denied as stated.  Defendants admit that they did not tell Plaintiff that they were changing her position's title to "President" because the position's title always remained "Vice President."  Defendants also admit that they did not tell Plaintiff that they were recruiting to replace her.

83.   Denied.

84.   To the extent that the allegations in Paragraph 84 purport to refer to a written document, Defendants refer to such document for the contents thereof.

85.   Denied.

## Count Two

86.   Defendants incorporate by reference their responses to all preceding paragraphs as though set forth in full herein.

87.   Denied.

88.   To the extent that the allegations in Paragraph 88 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 88.

89.   Defendants admit that Cherif Rizkalla and Mal Maginnis managed global businesses and had the title of President.  Defendants otherwise deny the allegations in Paragraph 89.

90.   Defendants admit that Tony McEnroe led the Asia Pacific region and had the title of President.  Defendants otherwise deny the allegations in Paragraph 90.

91.  Defendants admit that Roland Muesse had the title of President and led Smiths Detection's Russian business in 2009-2010.  Defendants otherwise deny the allegations in Paragraph 91.

92.  Denied.

93.  Denied.

94.  Defendants admit that Tess Fagnant is female.  Defendants otherwise deny the allegations in Paragraph 94.

95.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 95 regarding Ms. Fagnant's actions and therefore deny the same.  Defendants deny the remaining allegations of Paragraph 95.

96.  Defendants admit that in or about August 2009, Plaintiff discussed her compensation with Mr. Gane.  To the extent that the allegations in Paragraph 96 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 96.

97.  To the extent that the allegations in Paragraph 97 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 97.

98.  Denied.

## Count Three

99.  Defendants incorporate by reference their responses to all preceding paragraphs as though set forth in full herein.

100.  To the extent that the allegations in Paragraph 100 purport to refer to a written document, Defendants refer to such document for the contents thereof.

101.  Defendants admit that Plaintiff received stock options from 1999 to 2007. Defendants admit that Plaintiff received no stock options in 2008.

102.   Defendants admit that Mr. Bowman became Chief Executive Officer of Smiths Group in December 2007.  To the extent that the allegations in Paragraph 102 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 102.

103.   To the extent that the allegations in Paragraph 103 purport to refer to a written document, Defendants refer to such document for the contents thereof.

104.   To the extent that the allegations in Paragraph 104 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations of Paragraph 104.

105.   Defendants are without knowledge or information sufficient to form a belief regarding when Ms. White learned of any alleged facts, and thus, Defendants deny the allegations of Paragraph 105.  Defendants deny the remaining allegations of Paragraph 105.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   As Plaintiff concedes, Paragraph 111 of the SAC relates to Count IV, Disparate Impact Discrimination of Stock Plans, of the Proposed SAC, Doc. No. 137.  As set forth in this Court's Opinion and Order, Doc. Nos. 144 & 145, the Court denied her leave to include this Count.  Because the Court denied Plaintiff leave to include this allegation, no responsive pleading is required.  Indeed, Defendants affirmatively state that the allegations contained in Paragraph 111 are immaterial and irrelevant to this action.  To the extent that a response is required, Defendants deny the allegations in Paragraph 111.

112.   The allegation that certain alleged stock and/or benefit plans are not governed by ERISA is a legal conclusion to which no responsive pleading is required.  Defendants otherwise deny the remaining allegations of Paragraph 112.

113.   Denied.

114.   Denied.

115.   Denied.

## **Count Four**

116.   Defendants incorporate by reference their responses to all preceding paragraphs as though set forth in full herein.

117.   Defendants admit that Mr. Gane was employed as the Chief Operating Officer of Smiths Detection from approximately November 2008 until July 2010, and that he was Plaintiff's supervisor.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

## **Count Five**

122.   Defendants incorporate by reference their responses to all preceding paragraphs as though set forth in full herein.

123.   Denied.

124.   Denied.

125.   Denied.

## Count Six

126.   Defendants incorporate by reference their responses to all preceding paragraphs as though set forth in full herein.

127.   Defendants admit that Ms. Boyko was employed as the Vice President of Human Resources of Smiths Detection from January 2009 until present. Defendants otherwise deny the allegations in Paragraph 127.

128.   Denied.

129.   Denied.

130.   To the extent that the allegations in Paragraph 130 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 130.

131.   To the extent that the allegations in Paragraph 131 purport to refer to a written document, Defendants refer to such document for the contents thereof.  Defendants otherwise deny the allegations in Paragraph 131.

132.   Denied.

133.   Denied.

134.   Denied.

## Count Seven

135.   Defendants incorporate by reference their responses to all preceding paragraphs as though set forth in full herein.

136.   Denied.

137.   Denied.

138.   Denied.

## Answer To Prayers For Relief

Defendants specifically deny that Plaintiff is entitled to the relief requested or to any relief as to any of the claims set forth in the SAC.

## General Defenses

Unless otherwise specifically admitted herein, each and every allegation contained in the Complaint is hereby denied.

## Affirmative Defenses

1.      Plaintiff's claims are barred to the extent she has failed to satisfy the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes cited in the Complaint.

2.      Plaintiff's claims are barred in whole or in part to the extent she failed to satisfy the applicable statutes of limitations and/or filing periods.

3.      To the extent that Plaintiff has failed to mitigate her alleged damages, her claims and remedies are diminished or barred.

4.      Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive or penalty damages.

5.      All actions taken with respect to Plaintiff were taken in good faith and for legitimate, nondiscriminatory, and non-retaliatory reasons.

6.      Defendants reserve the right to raise additional defenses as may be

discovered during the course of this litigation.

Dated August 5, 2013

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By:  /s/ Michael Potenza

Jyotin Hamid
Michael Potenza
Emily J. Mathieu

919 Third Avenue
New York, NY  10022
(212) 909-6000
*Attorneys for Defendant Smiths Group plc*

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ Sarah E. Bouchard

Sarah E. Bouchard
John Lee

1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5077/5210
*Attorneys for Defendants Smiths Detection
Inc., Stephen Phipson, Christopher Gane,
Brian Bark and Pennie Boyko*

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah E. Bouchard, hereby certify that a true and correct copy of

Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended

Complaint was served via the Court's ECF system on this 5th day of August, 2013

upon the following:

> Ellen O'Connell, Esquire
> LAW OFFICES OF ELLEN O'CONNELL, LLC
> P.O. Box 132
> Florham Park, NJ 07932
> (973) 295-6800
> Attorney for Plaintiff
>
> Melvyn Bergstein, Esquire
> WALDER HAYDEN & BROGAN, P.A.
> 5 Becker Farm Road
> Roseland, NJ 07068
> (973) 992-5300
> Attorney for Plaintiff

> s/  Sarah E. Bouchard
> Sarah E. Bouchard